**UNITED STATES of America, Appellee,**

v.

**Sillasse BRYAN, aka "Uzi,"
Defendant–Appellant.**

No. 884, Docket 96–1450

United States Court of Appeals,
Second Circuit.

Argued Jan. 29, 1997.

Decided Feb. 10, 1997.

Published Sept. 4, 1997.

Roger Bennet Adler, New York City, for Defendant–Appellant.

Elaine D. Banar, Assistant United States Attorney (Zachary W. Carter, United States Attorney, Susan Corkery, Assistant United States Attorney, Eastern District of New York, Brooklyn, NY, on brief), for Appellee.

Before: WALKER, PARKER, and HEANEY,* Circuit Judges.

PER CURIAM: [1]

Sillasse Bryan appeals from a judgment of conviction of the United States District Court for the Eastern District of New York (David G. Trager, *Judge* ). Bryan was convicted on July 3, 1996, after a jury trial, of conspiring to engage in the sale of firearms without a license as well as actually engaging in the sale of firearms without a license in violation

of 18 U.S.C. §§ 371, 922(a)(1)(A). The Court sentenced Bryan to a term of 57 months in prison and to supervision upon release for three years.

Bryan seeks reversal of his conviction on three grounds: first, that the jury had before it insufficient evidence upon which to convict him of the violations charged; second, that the court erred in failing to charge the jury properly with respect to the credibility of certain witnesses for the government; and, third, that the court erred in instructing the jury that an overt act not set forth in the indictment may constitute an act in furtherance of a conspiracy under 18 U.S.C. § 371. Each of these claims is without merit.

■ Bryan's first contention is that the jury had insufficient evidence on which to convict him of the willfulness necessary under 18 U.S.C. § 922(a)(1). Defendant's argument, however, rests on a misunderstanding of the law of this circuit. The willfulness element of unlawful sale of firearms does not require proof "that defendant had specific knowledge of the statute he is accused of violating, nor that he had specific intent to violate the statute." *See United States v. Ali,* 68 F.3d 1468, 1473 (2d Cir.1995). Rather, this circuit reads the willfulness requirement more "broadly ... requir[ing] only that the government prove that the defendant's conduct was knowing and purposeful and that the defendant intended to commit an act which the law forbids." *United States v. Collins,* 957 F.2d 72, 76 (2d Cir.1992). Thus, while we acknowledge that several of our sister circuits have construed the law more narrowly, *see, e.g., United States v. Sanchez–Corcino,* 85 F.3d 549, 553 (11th Cir.1996) (holding that "in order for the Government to prove the offence of willfully dealing in firearms without a license ... it must prove that the defendant acted with knowledge of the licensing requirement"), defendant's argument for such a construction of the law in this circuit is foreclosed.

---

* The Honorable Gerald W. Heaney of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

**1.** This appeal was resolved by summary order on February 10, 1997. Upon request of the parties

and because we conclude that publication is warranted, we issue this opinion which in substance restates and expands upon that order.

With the proper understanding of the requirement of willfulness in this circuit, defendant's insufficiency argument is unavailing. It is axiomatic that a defendant faces a heavy burden when challenging the sufficiency of the evidence to support a jury's verdict. *See, e.g., United States v. Soto*, 716 F.2d 989, 991 (2d Cir.1983). In passing on such a challenge, the court views the evidence in the light most favorable to the government. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2788, 61 L.Ed.2d 560 (1979). At trial, the government elicited ample proof that defendant's conduct "was knowing and purposeful" and that he "intended to commit an act which the law forbids." *United States v. Collins*, 957 F.2d at 76. In brief, the government established that Bryan made several trips from his home in New York City to Ohio for the purpose of purchasing firearms that he was unable to obtain legally in New York; that he enlisted the aid of two Ohio women to purchase the firearms on his behalf, knowing that in Ohio purchase was possible with an in-state driver's license alone; that he provided the women the funds to purchase the guns and accompanied them to the dealer; that Bryan confessed to purchasing firearms in Ohio with the intention of transporting them to New York for resale; and, most important, that defendant removed the serial numbers of the firearms purchased to avoid detection. Viewed in the light most favorable to the government, this evidence is sufficient to establish that Bryan knowingly intended to commit an act which the law forbids. *Id.*

Defendant's second argument on appeal concerns the court's instructions regarding the credibility of two of the government's witnesses, women who aided Bryan in purchasing firearms during his trips to Ohio. As an initial matter, we note that defendant's counsel failed to object to the credibility charge given by the district court. Joint Appendix 128–29. Thus, notwithstanding the inclusion of the sought after charge in defendant's proposed instruction submitted to the court, we review for plain error. *See, e.g., United States v. Wong*, 40 F.3d 1347, 1373 (2d Cir.1994). In order for a plain error to be noticed under Fed.R.Crim.P. 52(b), that error must "(1) be actual error; (2) be plain, which is synonymous with clear or obvious under current law; and (3) affect substantial rights, which, in most cases, means that the error must have affected the outcome of the proceeding." *United States v. Gonzalez*, 110 F.3d 936, 945–46 (2d Cir.1997) (citing *United States v. Olano*, 507 U.S. 725, 732–34, 113 S.Ct. 1770, 1776–77, 123 L.Ed.2d 508 (1993)). However, even if an error was committed, it was clear, and it affected substantial rights, we may reverse in our discretion. *See Olano*, 507 U.S. at 736, 113 S.Ct. at 1778 (directing appellate court to exercise discretion in such cases "only if the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings") (internal quotation marks omitted).

Defendant's first contention in this regard surrounds his unsuccessful efforts to have the court instruct the jury that two of the government's witnesses were drug abusers and that they were abusing drugs at the time certain events at issue allegedly occurred. Even assuming that refusal to give this instruction was error and was clear at the time—matters we seriously doubt—we cannot conclude that the district court's refusal "affect[ed] substantial rights." Fed. R.Crim.P. 52(b). In order for an error to affect substantial rights, "[i]t must have affected the outcome of the district court proceedings." *Olano*, 507 U.S. at 734, 113 S.Ct. at 1777 (citing cases). However, in the "plain error" context, the defendant bears the burden of persuasion with respect to prejudice, *see id.*, and he has failed to shoulder that burden in this case. The district court thoroughly and carefully instructed the jury on credibility determinations. In fact, the court specifically instructed the jury that "[y]ou should carefully scrutinize all of the testimony given, the circumstances under which each witness testified, and every matter in evidence that tends to show whether a witness is worthy of belief." Joint Appendix at 104. The district court's general charge—together with any evidence elicited by the defense as to the witnesses' history of drug use—was sufficient in this case to alert the jury to their responsibilities in making credibility determinations.

Defendant's second contention regarding the district court's charge to the jury is that the court's instruction insufficiently addressed the conflict inherent in accomplice testimony. Here we find that the district court committed no error, let alone plain error. The district court took care to instruct the jury of the dangers of accomplice testimony and of the need to give the two witnesses' testimony special attention because both had entered into cooperation agreements with the government. In part, the district court charged:

> Because of the very nature of accomplice testimony … it must be scrutinized with great care and viewed with particular caution when you decide how much of that testimony to believe. You should, for example, ask yourselves whether an accomplice witness would benefit more by lying or telling the truth.

Joint Appendix at 108. Moreover, after specifically identifying the government's two accomplice witnesses and mentioning their plea agreements, the court instructed:

> The government is permitted to enter into such agreements. But witnesses who testify pursuant to such agreements have an interest in this case different from an ordinary witness. This is why you must carefully scrutinize whether the testimony of such a witness was made up in any way because the witness believed or hoped that he would receive favorable treatment by testifying falsely.

*Id.* at 109. In light of this language, defendant's contention that the district court erred is meritless.

Finally, defendant argues that the district court erred in charging the jury that an overt act not included in the indictment can constitute the foundation of a conspiracy conviction. Defendant's argument fails. The court has specifically held that a conspiracy "conviction may rest on an overt act not charged in the indictment." *United States v. Armone*, 363 F.2d 385, 400 (2d Cir.1966).

For the foregoing reasons, we find defendant's arguments to be without merit. Accordingly, we affirm the judgment of the district court.